UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY LIN MILLS,

    Plaintiff,                                                                        Case No. 05-70083

vs.                                                                         HONORABLE AVERN COHN

HURLEY MEDICAL CENTER,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS MOOT
AND
DIRECTING DEFENDANT TO ANSWER PLAINTIFF'S AMENDED COMPLAINT
AND
DENYING PLAINTIFF'S REQUEST FOR A COURT APPOINTED ATTORNEY WITHOUT PREJUDICE**

I.

Plaintiff Tammy Lin Mills filed a <u>pro se</u> complaint against defendant Hurley Medical Center claiming wrongful termination. The Court dismissed the complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure, finding that it was not clear on what basis plaintiff has attempted to invoke the Court's federal jurisdiction; she cites to no law, state or federal, in support of her claims. The Court also directed the Clerk to return the filing fee to plaintiff. <u>See</u> Order of Dismissal, filed January 18, 2005.

On January 26, 2005, plaintiff filed a motion for reconsideration in which she requested and opportunity to amend her complaint and the appointment of counsel.

1

The Court granted the motion on the grounds that it appeared plaintiff was invoking the Court's federal jurisdiction and stated that "plaintiff may file an amended complaint." The Court also noted that plaintiff has served the complaint on defendant. The Court found no basis to grant plaintiff's request for counsel. See Order Granting Motion for Reconsideration and Reopening Case, filed January 27, 2005.

On January 28, 2005, defendant filed an answer and affirmative defenses.

On February 2, 2005, the Court entered a scheduling order. Under the order, discovery is to be completed by June 3, 2005, motions are to be filed by July 8, 2005, and a jury trial is scheduled for November 14, 2005.

On February 22, 2005, plaintiff filed an amended complaint.

On February 25, 2005, defendant filed a motion to dismiss plaintiff's original complaint on the grounds that it failed to state a claim under Fed. R. Civ. P. 12(b)(6).

Defendant received plaintiff's amended complaint several days later.

On March 1, 2005, defendant explained to plaintiff in a letter that because no order granting leave to amend had been entered, the original complaint governed the case.

On May 2, 2005, plaintiff filed a "Request [sic] Defendant to Answer Amended Complaint and Another Request for a Court Appointed Attorney."

On May 6, 2005, defendant filed a response to plaintiff's request, stating that the Court should not permit plaintiff to file an amended complaint because plaintiff has not complied with Fed. R. Civ. P. 15(a) by requesting leave to amend. Defendant also says it will not consent to any amendment.

II.

Rule 15(a) provides in part that "a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served .... [o]therwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party." A pro se litigant's filings are to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, plaintiff requested an opportunity to amend her complaint in her motion for reconsideration. While technically not filed under Rule 15, plaintiff clearly requested leave to amend. The Court construed it as such as the order granting the motion for reconsideration and reopening the case states that plaintiff may file an amended complaint.[1] Thus, plaintiff's amended complaint filed February 22, 2005 was properly filed. In light of this, defendant's motion to dismiss the original complaint is DENIED AS MOOT.

Defendant shall file an answer to plaintiff's amended complaint within ten (10) days.

At this time, the Court again finds no basis to appoint plaintiff counsel. Accordingly, plaintiff's request for the appointment of counsel is DENIED WITHOUT PREJUDICE.

---

[1] It is not clear that defendant received a copy of the Court's order granting plaintiff's motion for reconsideration. This plus the fact that defendant received plaintiff's amended complaint after it filed its motion to dismiss may have resulted in the parties' recent filings. In any event, the case is now moving forward on plaintiff's amended complaint.

The Deputy Clerk shall issue a new scheduling order extending all dates by 60 days.

SO ORDERED.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: May 20, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2005, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager
        (313) 234-5160